IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES BRANNAN,

    Plaintiff,

v.                                                              CASE NO. 1:12-cv-238-GRJ

GEICO INDEMNITY CO. AND
GOVERNMENT EMPLOYEES
INSURANCE CO.,

    Defendants.
_____/

## **O R D E R**

On March 25, 2013 the Court conducted a hearing to address Plaintiff's Motion For Leave To Amend The Amended Petition For Declaratory Judgment and Relief. (Doc. 33.) For the reasons discussed on the record at the hearing, which are fully incorporated into this order, and as summarized below, Plaintiff's Motion For Leave to Amend is due to be granted.

## **Background**

This case is an action seeking a declaration concerning Plaintiff's entitlement to recover uninsured motorists benefits under his insurance contracts with GEICO Indemnity Co. ("GEICO Indemnity") and Government Employees Insurance Co. ("GEICO"). GEICO Indemnity issued a policy insuring Plaintiff's 2008 Suzuki motorcycle with uninsured motorist limits of $10,000 for each occurrence. GEICO issued a policy insuring three of Plaintiff's automobiles with uninsured motorist limits of

$100,000 for each occurrence.

The events which prompted this suit concern an October 2010 motor vehicle accident in which the Plaintiff, while operating his motorcycle, was struck by a motor vehicle operated by an uninsured motorist. Because the driver of the vehicle responsible for the accident did not have insurance Plaintiff made demand on the Defendants for payment of $110,000.00 in uninsured benefits – the full policy limits under the motorcycle policy plus the full policy limits under the automobile policy – contending that he was entitled to stack the uninsured motorist coverage under both policies. GEICO Indemnity responded by tendering the $10,000.00 policy limits under the policy insuring the motorcycle but denying the request to stack the insured motorist benefits under the automobile policy.

Defendants position on this issue is very straightforward. According to Defendants, the motorcycle policy provides uninsured motorist coverage with a limit of $10,000.00 per occurrence, which may be "stacked" on the automobile policy only if the accident involved one of the three automobiles listed in the policy. Where, as here, the accident involved the motorcycle, Defendants assert that the express terms of the automobile policy do not permit the uninsured motorist benefits under that policy to be "stacked" onto the motorcycle policy because the automobile policy expressly excludes from coverage accidents involving other vehicles owned by Plaintiff not listed in the automobile policy. Further, Defendants contend that the automobile policy expressly includes language that the benefits cannot be stacked.

While Plaintiff contends that he is entitled under the language in both policies to stack the uninsured motorist benefits the real focus of Plaintiff's argument in this case is that Defendants violated a duty owed to Plaintiff to provide him with insurance policies that could be stacked. Plaintiff asserts that when he took out the coverage on the motorcycle policy he requested and relied upon GEICO to provide him with policies which would permit the uninsured motorist coverage on both polices to be "stacked." According to Plaintiff, to the extent that it is determined that the policies cannot be stacked – as Defendants suggest -- Plaintiff is entitled to recover against Defendants for negligence and/or breach of their fiduciary duty for failing to provide him with the requested coverage. Plaintiff asserts that even though the Defendants are insurance companies they can be held liable under a theory of negligence or breach of fiduciary duty because the Defendants acted in the role of both agent and insurance carrier when Plaintiff requested insurance coverage.

At the time Plaintiff filed the instant motion for leave to amend, Defendants' motions for judgment on the pleadings were pending before the Court. Plaintiff now requests permission to amend the complaint to include his claims that the Defendants breached their fiduciary duty and/or that they are liable for their negligent failure to procure the requested uninsured motorist coverage.

Defendants vigorously oppose the request to amend contending that the motion is untimely and if granted would be prejudice Defendants. Further, Defendants assert that the motion is an attempt to circumvent their motions for judgment on the pleadings.

*Case No: 1:11-cv-238-GRJ*

Lastly, Defendants argue that Plaintiff should not be permitted to amend because the proposed claims are futile.

## Discussion

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given when justice so requires."[1] Case law confirms that such leave should be given in the absence of compelling circumstances, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[2]

Turning first to the timeliness of the requested amendment, although this case was filed in state court in March 2012, this is the first request to amend the complaint since the case was removed to this Court on October 16, 2012.[3] Further, the deadline for amending the pleadings is March 28, 2013, sixty days before the discovery deadline. *See,* Rule 26 Joint Report, Doc. 15 and Scheduling Order, Doc. 16. Thus, the motion was filed timely and consistent with the scheduling order in this case.

Defendants complain that the amendment is untimely because the facts alleged

---

[1] F. R. CIV. P. 15(a).

[2] *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *See also Rowe v. Florida School for the Deaf and Blind, et al.*, 176 F.R.D. 646, 649 (M.D.Fla. 1997) (in determining whether to grant leave to file an amended pleading, the Court considers: (1) whether the amendment would be prejudicial to the opposing party, (2) whether there was bad faith or undue delay on the part of the moving party, and (3) whether the amendment sought is futile).

[3] The Complaint was amended in state court to add GEICO as a party but otherwise the allegations remained the same.

have been known by Plaintiff since the inception of this case and therefore could have been included in the original complaint. According to Defendants, the motivating reason for the amendment is simply because Plaintiff now has additional counsel. While this may be true there is no rule that prohibits a party from seeking to amend his claims to make the claims more precise and to allege more properly the legal theories relevant to the facts. The amendment here is clearly necessary to make the claims more precise particularly in view of the fact that the original complaint is less than a model of precision. Therefore, it is not only understandable that new counsel would want to amend the pleadings but based upon what was included in the original complaint it was absolutely necessary that the pleadings needed to be amended if Plaintiff wished to have any realistic possibility of the case advancing.

With regard to the prejudice Defendants contend they will suffer if leave to amend is granted, the only prejudice Defendants can point to is that Defendants will be forced to engage in extensive discovery in this case. As the Court stated at the hearing, simply having to engage in discovery – which will involve some expenditure of time and money – standing alone is not sufficient to demonstrate prejudice. Rather, prejudice from an amendment would be present where, for example, a party had completed all or a majority of discovery and would be forced to redo the discovery already completed. Here, that is not a problem because the parties have not engaged in any discovery thus far.

Defendants also argue that they will be prejudiced because there is insufficient

*Case No: 1:11-cv-238-GRJ*

time remaining to take discovery. According to Defendants, they have not conducted any discovery because there was no need to do so in a case, like this one, involving only a single claim for declaratory relief which requires nothing more than a straightforward interpretation of the terms of insurance policies, issues that are traditionally issues of law reserved for the Court. There are only 60 days remaining before the discovery cutoff and thus Defendants assert that they will be prejudiced if the amendment is permitted at this late stage of the case. However, to the extent that the limited amount of time remaining for discovery might prejudice Defendants' ability to defend themselves in this case the prejudice can be mollified by extending the discovery deadline for a reasonable period of time. In this regard, the Court advised the parties at the hearing that the Court would permit an enlargement of the discovery deadline so that Defendants would have sufficient time to conduct discovery and avoid any prejudice. Consequently, the Court directed the parties to confer and submit an amended case management report extending the discovery deadline as well as the other applicable deadlines.

  Lastly, with regard to futility, Defendants contend that the claims for breach of fiduciary duty and negligent procurement of the insurance coverage fail because the relationship between an insured and insurance company is that of debtor-creditor and not that of fiduciary. Plaintiff argued that the general proposition does not apply in this case because the Defendants acted in the additional role as an agent thus creating a duty owed to Plaintiff, other than that of debtor-creditor.

*Case No: 1:11-cv-238-GRJ*

Additionally, Defendants argue that the last count of the proposed amended complaint – purporting to allege a claim for violation of the disclosure requirements of Fla. Stat. §627.428 – is futile because the statute does not apply to first party insurance policies and in any event does not apply to uninsured motorist coverage. While Plaintiff conceded at the hearing that Plaintiff is not aware of any Florida case holding that the statute creates a cause of action for first party claims involving uninsured motorist coverage, Defendants have candidly conceded in their memorandum in opposition that this issue has not yet been expressly addressed by a Florida court.

Under these circumstances the Court concludes that the appropriate procedural avenue to address whether these claims state causes of action is in the context of a motion to dismiss or a motion for summary judgment and not in the context of a motion for leave to file an amended complaint. Because cases ought to be resolved on the merits a party should be granted leave to amend at least one time, particularly where a party has provided the Court with specific and articulable facts purporting to support the alleged claims. Whether the claims in the amended complaint will have any traction remains to be seen but at this juncture the Court cannot say that Plaintiff should be denied the opportunity (at least one more time) to attempt to plead claims supporting his theory that the Defendants bear some responsibility for providing uninsured motorist coverage which may be stacked in the event it is determined that the policies, as written, do not provide stacked uninsured motorist coverage.

For these reasons, the Court concludes that the Plaintiff's Motion for Leave to

amend is due to be granted.

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiff's Motion For Leave To Amend The Amended Petition For Declaratory Judgment and Relief (Doc. 33) is **GRANTED**. Plaintiff must file his Amended Petition or Complaint by **April 5, 2013**. Defendants must file their responses to the amended complaint within twenty (20) days of service of the amended complaint.

2. The parties are directed to confer regarding a revised case management schedule and must file by **April 5, 2013** an amended joint scheduling report addressing revised dates for the discovery deadline, the deadline for filing dispositive motions and a proposed revised trial date.

3. Because Plaintiff has been granted leave to file an amended complaint the pending motions for judgment on the pleadings (Docs. 9 & 12) are **MOOT**. This is without prejudice to Defendants' right to raise the same arguments in a motion to dismiss or a motion for summary judgment. The clerk is directed to terminate these motions (Docs. 9 & 12) as pending motions.

**DONE AND ORDERED** this 26th day of March 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge