IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES BRANNAN,

    Plaintiff,

v.                                     CASE NO. 1:12-cv-238-GRJ

GEICO INDEMNITY CO. AND
GOVERNMENT EMPLOYEES
INSURANCE CO.,

    Defendants.

_____/

## **O R D E R**

Pending before the Court is Doc. 47, Plaintiff's Motion to Amend or Withdraw "Facts Not at Issue" Statement in the Joint Scheduling Report. Defendants have filed a response in opposition (Doc. 50) and therefore the matter is ripe for review.

Five paragraphs of "Facts Not at Issue" were included in the parties' Joint Scheduling Report, filed December 12, 2012. (Doc. 15). In January 2013, new counsel entered appearances on behalf of Plaintiff (Docs. 19, 20), and the following month, Plaintiff moved to amend his petition for declaratory judgment and relief. (Doc. 33.) After oral argument, the Court granted Plaintiff leave to amend and directed that the parties file an amended joint scheduling report addressing revised dates. (Doc. 43.) The Revised Joint Scheduling report (Doc. 45) resulted in the Court's April 9, 2013 Scheduling Order (Doc. 46.)

The primary change that Plaintiff now seeks to make to the "Facts Not at Issue" is the addition of two paragraphs. Paragraph 1 of the proposed amended "Facts Not at Issue" states: "In or around May 2010, Mr. Brannan contacted GEICO's toll-free call

center and requested stacked uninsured motorist coverage on his motorcycle." (Doc. 47, Exh. B.) Paragraph 2 reads: "Following Mr. Brannan's request, Mr. Brannan's Motorcycle Policy was issued such that it purported to provide stacked uninsured motorist coverage." (*Id.*). Plaintiff also seeks to add a reference to the motorcycle's policy coverage and delete a portion of the "Facts Not at Issue" that he describes as "unnecessary quotations" from a December 28, 2011 letter. (Doc. 47, p. 5.)

Plaintiff argues that the stipulated facts are prejudicial to his case, especially in light of his amended petition and causes of action filed subsequent to the Joint Scheduling Report. Alternatively, Plaintiff requests that the Court withdraw the previously stipulated facts in their entirety. (*Id.*). Defendants assert that Plaintiff's proposed revisions "are not facts that are not at issue" and "are properly part of the ongoing discovery process and are yet to be determined." (Doc. 50, p. 2.)

Trial courts have broad discretion to set aside or modify a stipulation. *See, e.g., Morission v. Genuine Parts Co.*, 828 F. 2d 708, 709-10 (11th Cir. 1987). In the instant case, Plaintiff amended his cause of action after the Joint Scheduling Report was filed. This significant change to Plaintiff's case, coupled with the fact that the request to modify or withdraw the "Facts Not at Issue" has been made early in the course of litigation, provides a basis for the Court to find that there is good cause to relieve Plaintiff from the "Facts Not at Issue" as set forth in the Joint Scheduling Report. (Doc. 15.)

As to the two paragraphs Plaintiff wishes to add to the "Facts Not at Issue" regarding what type of policy his client requested when calling GEICO's call center and that the policy "purported" to provide stacked uninsured motorist coverage, these facts

are contested by Defendants. They go to the essence of Plaintiff's assertion that when he took out the coverage on the motorcycle policy he requested and relied upon GEICO to provide him with policies which would permit the uninsured motorist coverage on both polices to be "stacked." These are facts that are part of the current discovery process, and modifying the stipulation to include them would prejudice Defendants, who object to their inclusion.

Therefore, in fairness to both parties, the "Facts Not at Issue" in Doc. 15, at p. 7, are due to be withdrawn in the their entirety. The parties can revisit the stipulations, pursuant to Fed. R. Civ. P. 16, at their Pretrial Conference.

Accordingly, upon due consideration, it is **ORDERED**:

Plaintiff's Motion for Leave to Amend or Withdraw "Facts Not at Issue" Statement in the Joint Scheduling Report (Doc. 47) is **GRANTED** to the extent that the "Facts Not at Issue" statement in the Report of the Parties' Planning Meeting (Doc. 15, p. 7) is hereby **WITHDRAWN**. To the extent the "Facts Not at Issue" in Doc. 15 were adopted by the Court in its scheduling orders (Docs. 16, 46), those scheduling orders are hereby modified to reflect that the "Facts Not at Issue" have been withdrawn. The parties are directed to address the facts not in issue when they prepare their pretrial statement.

**DONE AND ORDERED** this 20th day of June 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge