IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES BRANNAN.,

    Plaintiff,

v.                                                CASE NO. 1:12-cv-238-GRJ

GEICO INDEMNITY CO. and
GOVERNMENT EMPLOYEES
INSURANCE CO.,

    Defendants.

_____/

## **O R D E R**

Pending before the Court is Doc. 101, Defendant, Government Employees Insurance Co.'s Request for Judicial Notice and Supporting Memorandum of Law. Government Employees moves the Court, pursuant to Federal Rule of Evidence 201, to take notice of Fla. Stat. § 624.303(3) and the State of Florida Office of Insurance Regulation's April 24, 2012 certification of the Government Employees Insurance Company Form M-9 dated November 1996 on file with the Office of Insurance Regulation. (Exh. 101, Exh A.) Plaintiff has filed a response in opposition. (Doc. 121.)

Defendant Government Employees has provided the Court with Fla. Stat. § 624.303(3):

> Any written instrument purporting to be a copy of any action, proceeding, or finding of fact by the department, commission, or office or any record of the department, commission, or office or copy of any document on file in its office when authenticated under hand of the respective agency head or his or her designee by the seal shall be accepted by all the courts of this state as prima facie evidence of its contents.

Government Employees has also presented an April 24, 2012, certification of the

Government Employees Insurance Company Form M-9 by the State of Florida Office of Insurance Regulation. The form is dated November 1996 and appears to be marked "approved" as of January 30, 1997. The certification form is dated April 20, 2102, and the Commissioner of the Office of Insurance Regulation has affixed his seal and signature and certifies, pursuant to Fla. Stat. § 624.303, that the "Government Employees Insurance Company Form M-9 Dated November 1996 from submitted form filing log number 02-02405" was maintained in the regular course of business by the Sate of Florida Office of Insurance Regulation. (Doc. 101, Exh. A.)

In his response in opposition to the request for judicial notice, Plaintiff contests the validity of the M-9 Form and its compliance with Fla. Stat. § 627.727, and argues that the "import and meaning" of the stamp on the M-9 Form is uncertain. Accordingly, Plaintiff argues that to judicially notice the form would prejudice him. Alternatively, Plaintiff argues that judicial notice should be expressly limited to the fact of filing only, not the veracity of the M-9 Form's contents or any perceived weight to be attributed to the Office of Insurance Regulation's stamp on the form. (Doc. 121.)

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts and provides that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(1). Judicial notice is appropriate for facts that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* at (b). The Court finds that, pursuant to Fed. R. Evid. 201, it is appropriate to take judicial notice of Fla. Stat. § 624.303 and the certified M-9 Form, which is a public record maintained by the Office of Insurance Regulation

during the regular course of business. Taking judicial notice of the form simply means that the form is considered to be a true and correct copy of the form on file with the Office of Insurance Regulation without the need to submit any further proof of its authenticity. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Clr. 1999) (taking judicial notice of corporate documents filed with the Securities and Exchange Commission).

Accordingly, upon due consideration, it is **ORDERED**:

Defendant Government Employee's Request for Judicial Notice (Doc. 101) is **GRANTED** to the extent that the Court takes judicial notice of Fla. Stat. § 624.303 and the certified M-9 Form, attached to the motion as exhibits "A" and "B." Notice of the M-9 Form is limited to the fact of filing with the Office of Insurance Regulation.

**DONE AND ORDERED** this 18th day of September 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge