IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES BRANNAN.,

       Plaintiff,

v.                                CASE NO. 1:12-cv-238-GRJ

GEICO INDEMNITY CO. and
GOVERNMENT EMPLOYEES
INSURANCE CO.,

       Defendants.

_____/

## O R D E R

Pending before the Court are: (1) Plaintiff's Motion to Compel GEICO Indemnity to Provide Better Discovery Responses (Doc. 95); (2) Plaintiff's Motion to Compel Government Employees to Provide Better Answers and Produce Documents Responsive to Plaintiff's Discovery Requests (Doc. 96); (3) Plaintiff's Motion for Leave to Exceed Interrogatory Limit (Doc. 97); and Plaintiff's Omnibus Motion to Compel Defendants' Production of Documents Responsive to Plaintiff's Requests for Production. (Doc. 114.) Responses have been filed to each of these motions, and therefore the motions are ripe for consideration. (Docs. 110, 111, 109, 127.)  For the reasons summarized below, Plaintiff's Motions to Compel and Motion to Exceed Interrogatory Limits are due to be granted in part.

## DISCUSSION

### A.    Plaintiff's Motion to Exceed Interrogatory Limits (Doc. 97)

Plaintiff requests leave of Court to permit him to propound additional interrogatories upon Defendants in excess of the 25-question limit set forth in Fed. R.

Civ. P. 33.  The excess interrogatories were propounded upon Defendant GEICO Indemnity on April 16, 2013, in Plaintiff's Third Set of Interrogatories; and upon Defendant Government Employees on April 13, 2013, in Plaintiff's Second Set of Interrogatories.  Defendants each responded to five interrogatories, in light of the twenty interrogatories that had previously been propounded upon each Defendant.  Plaintiff seeks to propound 18 additional interrogatories (Nos. 1, 3, 7-17, 19-23) upon GEICO Indemnity and 13 additional interrogatories (Nos. 1, 3, 5, 7, 9-13, 15-18) upon Government Employees.

Fed. R. Civ. P. 33 provides that "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."  Accordingly, the principles of Rule 26(b)(2)(C) guide the Court's decision whether to grant Plaintiff's request to serve additional interrogatories.  Discovery should be limited if it is unreasonably cumulative or duplicative; the party seeking discovery has had ample opportunity to obtain the information ; or if the burden or expense of the proposed discovery outweighs the likely benefit.  Fed.R. Civ. P. 26(b)(2)(C).  "The Court conducts a case-by-case analysis in determining whether a party may exceed the allotted number of interrogatories set forth in Rule 33," and "the party seeking leave must set forth a particularized showing of need."  *New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.,* 2008 WL 2620727, at *5 (S.D. Fla. 2008) (citing *Duncan v. Paragon Publishing, Inc.,* 204 F.R.D. 127 (S.D. Ind. 2001); *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota,* 187 F.R.D. 578, 586 (D. Minn. 1999); *Burkett v. Hyman Lippitt, P.C.*, 2007 WL 3124637 (E.D. Mich. 2007)); *see also* § 2168.1 Number of Interrogatories, 8B Fed. Prac. & Proc. Civ. (3d ed.).

Plaintiff asserts that he is in need of the requested discovery to support the claims asserted in his Second Amended Petition, which marked a major change in the claims and theories advanced by Plaintiff. The Court has reviewed the proposed interrogatories and finds that Plaintiff has shown good cause to exceed the 25-interrogatory limit, based on the new claims and theories in his Second Amended Petition, and finds that granting leave to file excess interrogatories would not conflict with principles of Rule 26(b)(2)(C). Accordingly, Plaintiff's Motion for Leave to Exceed Interrogatory Limit (Doc. 97) is due to be granted and Defendants shall respond on or before October 11, 2013.

**B.    Plaintiff's Motions to Compel (Docs. 95, 96, 114)**

Plaintiff's Motions to Compel involve approximately 39 separate discovery items served upon Defendants GEICO Indemnity and Government Employees. The discovery items are contained in Plaintiff's Third Set of Interrogatories, Second Request for Admissions, and Third and Fourth Requests for Production to GEICO Indemnity; and in Plaintiff's Second Set of Interrogatories, First Request for Admissions, and Second and Third Requests for Production to Government Employees.

**1.    <u>Interrogatories</u>**

In his motions to compel (Docs. 95, 96), Plaintiff asks the Court to compel GEICO Indemnity and Government Employees to provide better answers to Interrogatories 2 and 18 of Plaintiff's Third Set of Interrogatories to GEICO Indemnity and Interrogatories 6 and 8 of Plaintiff's Second Set of Interrogatories to Government

Employees.

Interrogatory 2 (Third Set of Interrogatories to GEICO Indemnity)

    Plaintiff asked GEICO Indemnity to identify people with information or documents regarding his claim.  GEICO Indemnity responded by identifying only people who appear by name on policy documents. Plaintiff requested names of all people with information or documents regarding the claim, not solely individuals named in policy documents.  GEICO Indemnity is directed to respond with all names, not just individuals named in documents, or raise an appropriate objection thereto.

Interrogatory 18 (Third Set of Interrogatories to GEICO Indemnity)

    Plaintiff requested policies, procedures, or guidelines with respect to the issuance of stacked uninsured motorist coverage on a policy or policies that insure only one vehicle, as they were in place from the time Plaintiff requested stacked uninsured motorist coverage on his motorcycle policy through the termination of that policy. GEICO Indemnity objected to the interrogatory as irrelevant because this is not a first-party bad faith claim and there has been no determination of coverage; the interrogatory misstates the law; and seeks proprietary, confidential information and/or trade secrets.  GEICO Indemnity's objections are overruled.  The information sought does not constitute "bad faith" discovery and is relevant to the claims and theories asserted by Plaintiff in his Second Amended Petition.  The Court will grant GEICO Indemnity's request that disclosure of information in response to this interrogatory be subject to a protective order.   GEICO Indemnity is directed to respond accordingly.

Interrogatory 6 (Second Set of Interrogatories to Government Employees)

    Plaintiff requested identification of each and every reservation of rights or claim denial letters Issued by Government Employees to Plaintiff with respect to his claim

under the Auto Policy for the October 13, 2010 accident.  Government Employees objected to the meaning of most of the phrasing of the interrogatory because it was "uncertain" what Plaintiff meant.  This objection is overruled, as the meaning of the interrogatory is unambiguous and Government Employees could have responded by including its own reasonable interpretation of the phrasing.  However, Government Employees was responsive in that it provided the October 4, 2011 letter from Jean Seawell to William Allen.

Interrogatory 8 (Second Set of Interrogatories to Government Employees)

Plaintiff requested identification of responses to Plaintiff's November 3, 2010 request for insurance information.  Government Employees objected to the interrogatory as irrelevant because this is not a bad faith action, and without waiving the objection, stated "not applicable."  Government Employees' objection on relevance grounds is overruled.  Plaintiff is seeking correspondence relevant to the claims in his Second Amended Petition and Government Employees has offered no explanation of what "not applicable" means.   Government Employees is directed to respond accordingly.  Defendants shall provide amended responses to Interrogatories 2, 18 (Third Set of Interrogatories to GEICO Indemnity) and 8 (Second Set of Interrogatories to Government Employees) on or before October 11, 2013.

## 2.  Requests for Admission

In his motions to compel (Docs. 95, 96), Plaintiff asks the Court to compel GEICO Indemnity and Government Employees to provide better answers to Requests for Admission 13, 16, 17, 20, 24, 25, 26, and 27 of Plaintiff's Second Request for Admissions to GEICO Indemnity and Requests for Admission 4, 5, 6, 8, 11, 12, 15, 19,

20, 21, 22, 23, and 24 of Plaintiff's First Request for Admissions to Government

Employees.

Rule 36 of the Federal Rules of Civil Procedure, which governs requests for

admission, provides that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert a lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "The purpose of Rule 36 is to limit the factual issues in a case,

and thereby reduce trial effort and promote efficient litigation. In order for its purpose to

be fulfilled, the requesting and responding parties should be direct, specific, and not

vague or ambiguous in their requests and responses . . . If qualification is necessary,

the answering party must specify what part of the request it is not objecting to, and

qualify or deny the remainder of the request. A general denial is not sufficient."

*Interland, Inc. v. Bunting,* 2005 WL 2414990, at *8 (N.D. Ga. 2005) (internal citations

omitted).

Defendants' objections to these Requests for Admission are largely

unresponsive and rely on assertions that the phrasing in the requests for admission are

vague and ambiguous and/or that the requests seek information outside the scope of

discovery because this is not a bad faith action. Defendants' objections are overruled.

As to the responses that Defendants cannot admit or deny because terms such

"stacked uninsured motorist coverage," "toll-free call center," and others are ambiguous,

Defendants should review Rule 36. Rather than simply stating that certain terms in the

request for admission are ambiguous, Defendants should respond to the request,

providing their own reasonable interpretation of the terms as the terms may reasonably

be interpreted. In addition, the Court has reviewed the requests and none of them seek

"bad faith discovery" that would be outside the scope of discovery relevant to Plaintiff's

claims.

The motion to compel is granted as to all requests for admission except

Requests for Admission 6 and 8 of Plaintiff's First Request for Admissions to

Government Employees. The Court finds that Government Employees' responses to

these requests were sufficient. As to Request for Admission 24 (to GEICO Indemnity)

and 21 (to Government Employees), Defendants' objections are overruled and

Defendants are directed to respond in accordance with Rule 36, which permits the

answering party to assert a lack of knowledge as a reason for failing to admit or deny,

but "only if the party states that it has made a reasonable inquiry and that the

information it knows or can readily obtain is insufficient to enable to admit or deny."

Fed. R. Civ. P. 36(a)(4).

Defendants shall serve, on or before October 11, 2013, amended responses to

Requests for Admission 13, 16, 17, 20, 24, 25, 26, and 27 of Plaintiff's Second Request

for Admissions to GEICO Indemnity and Requests for Admission 4, 11, 12, 15, 19, 20,

21, 22, 23, and 24 of Plaintiff's First Request for Admissions to Government

Employees, in accordance with this Order.

### 3. **Requests for Production**

In his motions to compel, (Docs. 95, 96, 114), Plaintiff asks the Court to compel GEICO Indemnity and Government Employees to produce documents responsive to Requests for Production 2, 3, 5, and 23 of Plaintiff's Third Request for Production to GEICO Indemnity; Requests for Production 1 and 3 of Plaintiff's Fourth Request for Production to GEICO Indemnity; Requests for Production 5, 7, 9, 11, 12, and 13 of Plaintiff's Second Request for Production to Government Employees; and Requests for Production 1and 3 of Plaintiff's Third Request for Production from Government Employees.

Requests for Production 2, 3, 5 (Third Request to GEICO Indemnity); Request for Production 5 (Second Request to Government Employees)

In these requests, Plaintiff seeks production of documents related to his request for coverage and communication with the call-center. Defendants object on the grounds that the documents sought are not relevant to Plaintiff's claims. These objections are overruled. However, Defendants did provide records responsive to Plaintiff's requests (i.e., exhibits to the deposition of Robert Hood and a policy log inquiry), therefore Plaintiff's motion to compel is due to be denied as to these requests for production.

Request for Production 23 (Third Request to GEICO Indemnity)

Plaintiff requests documents related to GEICO Indemnity's contention in its Ninth Affirmative Defense to the First Amended Petition that Plaintiff failed to establish the liability of, and the extent of damages incurred through the actions of the uninsured motorist in excess of $10,000. GEICO Indemnity responded that "Discovery is

continuing as to BRANNAN'S damages." (Doc. 95, p. 17.) In its response in opposition (Doc. 110) to the motion to compel (Doc. 95), GEICO Indemnity argues that any affirmative defense to the Amended Petition is irrelevant because the Second Amended Petition is the operative pleading currently before the Court. (Doc. 110, pp. 23-24.) GEICO Indemnity's current answer (Doc. 51) does not contain an affirmative defense identical to the Ninth Affirmative Defense in its answer to the First Amended Petition. (Doc. 1, Attachment 5.) However, damages are still key in several of Defendant's affirmative defenses, and Defendant's response that "discovery is continuing" is not sufficient. Plaintiff's motion to compel is granted as to this request, and GEICO Indemnity is directed to respond on or before October 11, 2013.

Request for Production 7 (Second Request to Government Employees)

Plaintiff requested all reservation of rights or claim denial letters issued by Government Employees with respect to his claim under the Auto Policy for the October 13, 2010 accident. Government Employees objected to the request, asserting that it was uncertain as to the meaning of "formal reservation of rights or claim denial letter(s)." (Doc. 96, p. 17.) This objection is overruled, as there is nothing ambiguous about this term, and Government Employees does not offer support for this contention. However, Defendant has produced an October 4, 2011 letter to Plaintiff's attorney stating that the coverage will not apply. Accordingly, Defendant was responsive and Plaintiff's motion to compel (Doc. 96) is denied as to this request.

Requests for Production 9, 11, 12, and 13 (Second Request to Government Employees)

These requests seek correspondence from Government Employees to Plaintiff in

response to four different requests for insurance information by Plaintiff.  Defendant

objected to each request as outside the scope of discovery because this is not a bad

faith claim.  However, as the Court has explained during oral argument, in previous

orders, and above, these types of documents are in fact relevant to Plaintiff's claims.

Plaintiff's motion to compel (Doc. 96) is granted as to these requests, and Defendants

are directed to provided amended responses on or before October 11, 2013.

Requests for Production 1 and 3 (Fourth Request to GEICO Indemnity and Third
Request to Government Employees)

Finally, in Plaintiff's Omnibus Motion to Compel Defendants' Production of

Documents Responsive to Plaintiff's Requests for Production (Doc. 114), Plaintiff seeks

documents related to the Defendants' Activity Log "ALOG" and "Oasis" system entries.

Plaintiff states that ALOG records contain evidence of claim-related activities.  The

Oasis system is purported to be an electronic compilation of service changes and other

actions taken with respect to Plaintiff's insurance policies.  (Doc. 114, p. 5.)

With regard to the ALOG records, Defendants object on the grounds that the

documents are irrelevant and premature because this not a bad faith claim; the

documents constitute work product and attorney-client privilege; and that the request

seeks proprietary, confidential information and/or trade secrets.  Each defendant also

attached a privilege log to its response.  (Doc. 114, Exhs. B, C.)  With regards to the

objections regarding bad faith discovery and work product, the requested ALOG

discovery records would be relevant and not subject to the work product doctrine

through the date of denial of coverage.  *See* Doc. 64; *Cutrale Cistrus Juices USA, Inc.*

*v. Zurich American Insurance Group,* 2004 WL 5215191 (M.D. Fla. 2004) ("most

[federal] courts have held that documents constituting any part of a factual inquiry into or evaluation of a claim, undertaken in order to arrive at a claim decision, are produced in the ordinary course of an insurer's business and, therefore, are not work product."). Defendants concede that should the Court find for Plaintiff on the issue of relevance, they "will submit a line item description as to each entry in the ALOG or each tab/screen for which protection is claimed." (Doc. 127, p. 20.)[1] Accordingly, Defendants are directed to provided, on or before October 11, 2013, amended responses to Requests for Production 1 (Fourth Request to GEICO Indemnity and Third Request to Government Employees), including an line-item privilege log. Defendants have also asserted that these requests seek proprietary, confidential information and trade secrets and to that end, responses will be subject to a protective order.

As to the Oasis records, Defendants objections as to relevance and vagueness are overruled. Defendant's primary objections to Request for Production 3 is that production of the documents (May 1, 2008 through April 2, 2012 for GEICO Indemnity and January 1, 1998 through April 2, 2012 for Government Employees) would be overly broad and unduly burdensome because it requires them to produce "50 or more pages of irrelevant information for each of the many, many transactions." (Doc. 114, p. 4.) In their response in opposition to the omnibus motion to compel, Defendants state that

---

[1]Defendants also assert that Plaintiff's Omnibus Motion to Compel (Doc. 114), filed August 30, 2013, is untimely because the Court's Order granting an extension of th discovery deadline from July 29, 2013 to August 13, 2013 expressly limited the scope of the additional discovery, and did not contemplate Plaintiff's motion to compel. While this is technically true, Plaintiff's counsel did advise the Court and opposing counsel at the telephonic hearing July 23, 2103, that if additional discovery matters could not be resolved, he would be filing one or more motions to compel. Accordingly, the Court will accept the motion to compel (Doc. 114) as timely filed.

due to the tab-based nature of the Oasis system, it would be overly burdensome to produce the documents. (Doc. 127, pp. 16-17.)

Fed. R. Civ. P. 34(b)(2)(E) govern the production of electronically stored information, and offers the following procedures: "(I) A party must produce the documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A party need not produce the same electronically stored information in more than one form." Though Defendants suggest the potential for hundreds of pages to be printed and its burden, they have not offered any reason why the "transaction summary" tab in Oasis, including screenshots, cannot be narrowed to Plaintiff's policies and provided electronically in response to these requests for production. Accordingly, Defendants have until on or before October 11, 2013, to provide amended responses to Requests for Production 3 (Fourth Request to GEICO Indemnity and Third Request to Government Employees) and to produce the requested documents.

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Exceed Interrogatory Limit (Doc. 97) is **GRANTED**. Defendants are directed to respond to the interrogatories (Nos. 1, 3, 7-17, 19-23 of Plaintiff's Third Set of Interrogatories propounded to GEICO Indemnity and Nos. 1, 3, 5, 7, 9-13, 15-18 of Plaintiff's Second Set of Interrogatories propounded to Government Employees) on or before **October 11, 2013.**

2. Plaintiff's Motion to Compel GEICO Indemnity to Provide Better Discovery

Responses (Doc. 95); Plaintiff's Motion to Compel Government Employees to Provide Better Answers and Produce Documents Responsive to Plaintiff's Discovery Requests (Doc. 96); and Plaintiff's Omnibus Motion to Compel Defendants' Production of Documents Responsive to Plaintiff's Requests for Production. (Doc. 114) are **GRANTED IN PART.** Defendants shall serve amended responses, in accord with the directives of this Order, as detailed below.

3. Defendants shall serve amended responses to Interrogatories 2, 18 (Third Set of Interrogatories to GEICO Indemnity) and 8 (Second Set of Interrogatories to Government Employees) on or before October 11, 2013.

4. Defendants shall serve, on or before October 11, 2013, amended responses to Requests for Admission 13, 16, 17, 20, 24, 25, 26, and 27 of Plaintiff's Second Request for Admissions to GEICO Indemnity and Requests for Admission 4, 11, 12, 15, 19, 20, 21, 22, 23, and 24 of Plaintiff's First Request for Admissions to Government Employees.

5. Defendants shall serve, on or before October 11, 2013, amended responses to Requests for Production 23 (Third Request to GEICO Indemnity); 7, 9, 11, 12, 13 (Second Request to Government Employees); 1 and 3 (Fourth Request to GEICO Indemnity and Third Request to Government Employees).

**DONE AND ORDERED** this 27th day of September 2013.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge